DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Plaintiff, *v.* ALBERT C. FENGLER, VIVA M. FENGLER, LAURA CRIMMINS, JOHN D. CRIMMINS, FARMERS AND TRADERS LIFE INSURANCE COMPANY, CITY OF SYRACUSE and COUNTY OF ONONDAGA, Defendants.

Supreme Court, Onondaga County, March 22, 1941.

*Mackenzie, Smith & Michell* [*John Hughes* of counsel], for the plaintiff.

*John H. Walrath*, for the Syracuse Grade Crossing Commission.

*John J. Bennett, Jr., Attorney-General* [*Irving Lessen* of counsel], for Morris S. Tremaine, Comptroller of the State of New York.

*John D. Crimmins*, for the defendants Albert C. Fengler, Viva M. Fengler, Laura Crimmins and John D. Crimmins.

CREGG, J. The above-entitled matter is a condemnation proceeding brought, pursuant to the provisions of chapter 825 of the Laws of 1928 and chapter 289 of the Laws of 1939, to acquire property in the city of Syracuse for railroad grade crossing elimination purposes. This is an application by the plaintiff for an order confirming the report of the commissioners in condemnation in the said proceeding and fixing and determining the costs, allowances and disbursements to be paid and for final judgment.

No objection was made to the application except as to the item of $550, attorneys' fees asked to be paid to Mackenzie, Smith & Michell for conducting the condemnation proceeding. The Syracuse Grade Crossing Commission and the Department of Audit and Control of the State of New York very strenuously opposed the allowance of attorneys' fees on the grounds, first, that there is

no provision in the statute for compensating the attorneys, and second, that the attorneys were the regular attorneys employed by the plaintiff and that as such it was their duty to conduct said proceeding without expense to the grade crossing elimination proceeding.

The affidavit presented by the attorneys shows that their services were fairly and reasonably worth the sum asked; that the services so rendered were not covered by the attorneys' general retainer, but that they were employed especially to conduct this proceeding without any agreement as to compensation. These facts are not denied.

Subdivision 1 of section 8 of chapter 825 of the Laws of 1928 provides for the acquisition of necessary lands through condemnation proceedings for grade crossing elimination purposes. That section of the act was continued in full force and effect by section 2 of chapter 289 of the Laws of 1939. Section 4 of the 1939 act provides that *the entire cost* of an elimination project shall be paid for by the State in the first instance. That means the whole cost of elimination. (*Matter of Grade Crossing* [*Lehigh Valley R. R. Co.*], 264 N. Y. 195.) I fail to see how a condemnation proceeding to acquire lands for the elimination of grade crossings could be efficiently conducted without the services of attorneys. In my opinion the attorneys' services are part of the cost contemplated by the statute.

Judgment and order may be entered confirming the report of the commissioners, fixing and determining the costs, disbursements and allowance, including the sum of $550 as an allowance to the attorneys for the plaintiff and an extra allowance to the defendants' attorney of five per cent of the amount of the award.